8 F.3d 29
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joe Allen ROBLES, Plaintiff-Appellant,
v.
TREMONT, et al., Defendants-Appellees.
 No. 92-17047.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1993.*
Decided Sept. 29, 1993.
 
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joe Allen Robles, an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of defendant prison officials in his 42 U.S.C. § 1983 civil rights action. The district court granted the defendants' summary judgment motion after Robles failed to oppose the motion. We have jurisdiction pursuant to 28 U.S.C. § 1291, and review de novo. Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992). We affirm.[1]
 
 
 3
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Taylor, 880 F.2d at 1045. If the nonmoving party does not respond by setting forth specific facts showing that there is a genuine issue for trial, summary judgment is appropriate. Fed.R.Civ.P. 56(e).
 
 
 4
 As liberally construed by the district court, Robles's complaint alleged a denial of due process in disciplinary proceedings. Robles's complaint described an incident that occurred on May 15, 1991, when he was apparently written up for failure to report to his work duty.
 
 
 5
 The defendants moved for summary judgment, and submitted an affidavit from Captain Berry, an Inmate Discipline Appeals Officer at the ADOC. Berry averred that he examined Robles's disciplinary record and located four disciplinary violations relating to the incident of May 15, 1991. Berry further stated that two of the violations were dismissed outright, one of the violations was dismissed for procedural error, and Robles was found not guilty of the fourth violation. Berry averred that Robles was not penalized for any of the violations, and that the violations have been expunged from his inmate file.
 
 
 6
 The district court, in an order setting the time for filing a response and reply to the defendants' motion, directed Robles' attention to the dictates of Rule 56 and particularly to the need to respond by setting forth facts showing a genuine issue for trial. Robles did not file a response, but instead submitted his own motion for summary judgment. The motion was stricken from the record because it contained no proof of service and because Robles attached a copy of a prior pleading to the motion. After being informed of the deficiencies of his motion, Robles attempted to file the motion again without making the required changes. The motion was again stricken. The district court then granted the defendants' motion for summary judgment.
 
 
 7
 The defendants presented evidence showing that Robles suffered no penalty from the disciplinary proceedings of May 15, and that all references to the proceedings have been expunged from his file. Robles has presented no evidence showing that the disciplinary proceedings violated his due process rights. Because Robles has failed to set forth facts sufficient to establish the existence of the essential elements of his case, we find that he has not met his burden of proof under Rule 56. See Fed.R.Civ.P. 56(e); Celotex, 477 U.S. at 322; Taylor, 880 F.2d at 1045. Accordingly, we affirm the district court's summary judgment in favor of the defendants.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 As a preliminary matter, we reject the defendant's contention that Robles has abandoned his appeal because he failed to address the district court's order in his brief. Although we agree that Robles' brief is confused, we find that, liberally construed, Robles is attempting to appeal the judgment against him. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990)
 However, we agree with the defendant that Robles should not be allowed to file two reply briefs. Accordingly, we grant the defendant's motion to strike the second reply brief, received August 18, 1993.